UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

| | | |
|---|---|---|
| **SAIVON CRUSE,** | ) | [JURY DEMAND] |
| Plaintiff, | ) | |
| v. | ) | |
| **LEROY MONTGOMERY,** | ) | |
| **WILLIAM WAGENMANN,** | ) | |
| **ALEJANDRO GOMEZ,** | ) | |
| **CITY OF MIAMI GARDENS** | ) | |
| Defendants, | ) | |

## COMPLAINT

COMES NOW PLAINTIFF, **SAIVON CRUSE**, by and through counsel, and files his Complaint and alleges that:

### PARTIES

1. **SAIVON CRUSE**, Plaintiff, is a resident of the State of Florida.

2. At the time of the incident complained herein, Defendant **LEROY MONTGOMERY** was employed as a City of Miami Gardens law enforcement officer. Montgomery is sued in his individual capacity.

3. At the time of the incident complained herein, Defendant **WILLIAM WAGENMANN** was employed as a City of Miami Gardens law enforcement officer. Wagenmann is sued in his individual capacity.

4. At the time of the incident complained herein, Defendant **ALEJANDRO GOMEZ** was employed as a City of Miami Gardens law enforcement officer. Gomez is sued in his individual capacity.

5. Defendant **CITY OF MIAMI GARDENS** is a municipal entity organized pursuant to the laws of Florida.

6. All Defendants, acted under color of statute, ordinance, regulation, custom, or usage, of Miami-Dade and/or the State of Florida.

### JURISDICTION & VENUE

7. This action is an action for damages brought pursuant to 42 USC § 1983 and 1988 regarding the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff's closely related state law claims is within this Court's jurisdiction pursuant to 28 USC § 1367.

8. Venue is proper because a substantial part of the events giving rise to Plaintiff's claims occurred

in the Southern District of Florida.

9. All condition precedents have been satisfied including those set out in Fla. Stat. § 768.28.

## GENERAL FACTS

10. On the night of December 18, 2014, Cruse was in bed at his home watching television. Suddenly, Cruse's neighbors' dogs began to bark loudly. Cruse got up to see why the dogs were barking.

11. Cruse walkthrough the corridor of his home and noticed flashlights piercing through his window. Cruse looked through his window and observed a host of Miami-Garden police officers immediately standing outside of his home.

12. Defendant Gomez demanded that Cruse open the door. In response, Cruse asked the purpose of the officers being at his home and if they had a warrant. The officers did not have a warrant. Gomez and the other officers repeatedly requested that Cruse step outside of his home so they could "talk about it." Given the fact, that the officers did not have a warrant to arrest or to search his home, Cruse politely declined their offer to speak outside of his home.

13. Agitated by Cruse's refusal to open the door, Gomez attempted to break into Cruse's home by jiggling the door handle. Several minutes pass by and Gomez saw that his attempts to break into the home were unsuccessful. Gomez stated he was going to call the captain and get a warrant.

14. Eventually, Defendant Wagenmann arrived on the scene san warrant. Cruse politely requested that Wagenmann produce a warrant. Wagenmann and Gomez were frustrated with Cruse' unwillingness to come outside and "talk about it" so they began to kick down Cruse's door. After repeated attempts, Defendants kicks finally broke the door free from its latches. The door landed on top of Cruse causing a laceration to his face. Cruse's head began to throb profusely, his cellphone was damaged, and the door pinned him to the ground.

15. Gomez, Wagenmann, and the other officers rushed in. Defendants observed that Cruse was on the ground pinned by the door. At this point, Defendants decided to apply a gratuitous beating to Cruse. While Cruse was getting beat up by Defendants' and their fellow officers, Cruse stated "I'm on the ground. I ain't even do anything. Come on now, I'm on the ground. I'm on the ground." Cruse did not resist and did not retaliate. Defendants continued to repeatedly punched him on his back, head, and neck. When Defendants felt that this was not enough of a beating, Defendants decided to thrust their knees into Cruse's ribs. During this entire ordeal, Cruse did not once resist.

16. Once the Defendants were satisfied with the amount of gratuitous force, they picked Cruse off the floor and walk Cruse to the patrol car. Defendants forcefully placed Cruse into the patrol car causing injuries to his head and lips.

17. Upon arrival at the police station, Cruse met Defendant Montgomery in an interrogation room. As Montgomery began interrogating Cruse, Cruse invoked his Miranda rights. Montgomery observed that Cruse refused to speak to him and then ended the interrogation.

18. Defendant Montgomery falsely arrested and imprisoned Cruse on one count of strong arm robbery and one count of child abuse. Cruse's bond was fixed at $10,000.00. At arraignment, the State of Florida took "no action"[1] on both counts.

19. Defendant Gomez and Wagenmann falsely arrested and imprisoned Cruse on one count of resisting an officer without violence. Cruse's bond was fixed at $5,000.00 for said charge. The State of Florida issued a *nolle prosequi* on said count.

20. Cruise spent approximately 3 days in jail. During his detention, Cruse suffered immeasurable discomfort and anxiety. Cruse suffered humiliation and embarrassment as result of this arrest. Cruse incurred physical injuries from the arrest by said Wagenmann and Gomez. Cruse has lost property due to the arrest by said Defendants. Additionally, Cruse incurred unnecessary legal costs as a result of the defense of this matter. Finally, Cruse is emotionally distressed by this situation and mentally revisits the incident.

21. Post release, Cruse discovered there was no pick up order, arrest warrant, or search warrant for Cruse. Additionally, there was no investigation file or witness statements.

22. Upon review of Defendants' arrest affidavit, Cruse observed that the statements completely fabricated. In the arrest affidavit for resisting an officer without violence, Gomez and Wagenmann stated that they were executing a pick up order, Cruse was taunting the officers by opening and closing the door, while they were attempting to effectuate a "doorway arrest" the door broke open as a result of the poor condition of the wood, and when they arrested Cruse it was in his "doorway".  These statements were false. There was no pick up order. Cruse did not open the door. Defendants kicked the door down and commenced to beat Cruse inside of his home. Without opening the door, Cruse politely asked the officers why they were at his home and if they had a warrant.

23. Defendant Montgomery's affidavit stated that on December 5, 2014 at 10:22 pm at 1899 N.W. 155 Street, Miami Gardens, Florida  that Cruse pushed a 17 year old female to the ground and stole her phone. Cruse did not take this individual's phone and did not push her to the ground. In fact, Cruse has never been in the residence of 1899 N.W. 155 Street and was not present at the alleged incident occurred. There were no witness statements or any such documents to indicate that this was in fact true. There was no evidence that Defendant Montgomery conducted a reasonable investigation to corroborate the veracity of the statements made in the affidavit.

---

[1] No action refers to the State's decision not to formally file charges, meaning this case was never formally before a judicial officer.

**Claim 1: UNLAWFUL SEARCH in violation of 42 USC §1983 [Against GOMEZ, WAGENMANN]**

24.     This action is brought pursuant to 42 USC § 1983 and in violation of Cruse's right to be free of unreasonable searches as prescribed by the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein. Cruse was subject to an unreasonable search by said Defendants. Specifically, when Gomez and Wagenmann kicked down Cruse's door and entered into Cruses home without probable cause or a lawful search or arrest warrant.

25.     Defendants Gomez and Wagenmann did not have probable cause to search Cruse home. Said Defendants did not have a warrant to enter Cruse's home to arrest or perform a search of said home. Cruse did not consent to the search and the unlawful entry into his home and nor was there exigent circumstances to support this entry. Moreover, no other constitutional recognized exceptions exist at the time of the incident. In fact, Cruse specifically asked the purpose of the officers being at his home and if they had a warrant. Defendants did not present Cruse with any warrants authorizing the search, arrest, or entry into Cruse's home.

26.     As a result of Defendants Gomez and Wagenmann unlawful search, Cruse was deprived of his Fourth Amendment right to be free from unreasonable search. Had said Defendants not kick down the door and force their way into the Cruse home, Cruse would not have been deprived of his Fourth Amendment right to be free from unreasonable search of Cruse's home.

27.     Defendants Gomez and Wagenmann, acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Cruse pursuant to the laws of Florida.

**Claim 2: UNREASONABLE SEIZURE in violation 42 USC §1983 [Against GOMEZ, WAGENMANN, and MONTGOMERY]**

28.     This action is brought pursuant to 42 USC §1983 in violation of Cruse's right to be free of unreasonable seizure of Cruse's person as stated in the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

29.     Cruse was subject to unreasonable seizure of person by said Defendants. Defendants Gomez, Wagenmann, and Montgomery arrested Cruse. He was detained for approximately 3 days in Miami-Dade county jail.

30.     Defendants did not have probable cause to arrest Cruse. First, Gomez and Wagenmann were not in the execution of their lawful duties. Specifically they were not executing a valid arrest or search warrant, they were not serving legal process, and there nothing they observed that showed that Cruse had committed, was in the process of committing, or was going to commit a crime. Cruse simply requested what was the purpose of the officer's presence at his home and he would not open the door without a warrant. Gomez and Wagenmann further fabricated statements in their arrest affidavit to support probable cause. Specifically, Defendants contended that

there was a pick up order when there was not and that Cruse was resisting when he simply inquired about the existence of a warrant and their presence on his property.

31. Montgomery also lacked probable cause to arrest Cruse. Montgomery failed to perform a reasonable investigation, if any, and submitted an arrest affidavit that he either knew was false or would have known was false except for his reckless disregard for its falsity. Montgomery did not procure any witness statements nor did he attempt to corroborate the statements of this unknown, unsubstantiated, and unverified "17 year old." In fact, Montgomery's affidavit was the only statement of the December 5, 2014 incident, an incident which he did not have personal knowledge of. These statements were false and a reasonable investigation would have made known their falsity.

32. As a result of Defendants' unlawful and intentional conduct, Cruse's person was unreasonably seized. Had it not been for Defendants' arrest without probable cause Cruse would not have been detained in Miami-Dade County jail for approximately 3 days.

33. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Cruse pursuant to the laws of Florida.

### Claim 3: EXCESSIVE FORCE in violation of 42 USC §1983 [Against GOMEZ and WAGENMANN]

34. This action is brought pursuant to 42 USC § 1983 and in violation of Cruse's right to be free of from excessive force in the course of the arrest as prescribed by the Fourth Amendment of the United States Constitution and as applied to the states under the Fourteenth Amendment therein.

35. Pursuant to the Fourth Amendment, Cruse had the right to be free from excessive force during the course of a criminal apprehension. The force applied to Cruse was unreasonable under the circumstances. Defendants kicked down the door causing it to ricochet and immediately pinning Cruse to the ground. While being pummeled by the Defendants, Cruse stated he was on the ground and was not doing anything. Cruse did not flee or attempt to flee. Cruse did not threaten anyone and did not pose as a threat to anyone. Defendant observed Cruse's non-resistance and still continued to kick and punch Cruse while he was subdued. This application of force caused massive trauma to his body.

36. Had Defendants not applied excessive force to Cruse when they clearly observed that he was not resisting, Cruse would not have endured injuries to his body in violation of the Fourth Amendment.

37. Defendants acted under the color of law pursuant to the State of Florida. Defendants were municipally employed officers arresting Cruse pursuant to the laws of Florida.

**Claim 4: FALSE ARREST/IMPRISONMENT violation in state law [Against all DEFENDANTS][2]**

38. This action is brought pursuant to laws of the State of Florida and alleges that Gomez, Wagenmann, Montgomery, and City of Miami Gardens falsely arrested Cruse. Cruse was subject to an unlawful detention and deprivation of liberty against his will. Cruse was detained for 3 days in Miami-Dade County jail against his will.

39. The detention was unreasonable and not warranted by the circumstances. Based on the objective evidence known to Defendants at the time of his arrest, Defendants knew there was no probable cause to arrest for any offense under Florida law, because information within the collective knowledge of the Defendants showed unequivocally that:

    a. No reasonable investigation was done by Montgomery or any of the officers to established probable cause of the alleged December 5, 2014 incident.
    b. Wagenmann and Gomez were not executing a legal duty because there was no valid warrant for Cruse's arrest nor were there any facts to suggest that Cruse was involved in the commission of a crime.
    c. Cruse's inquiry as to Defendants presence on his property and the existence of a warrant does not constitute resistance under Florida law.

40. The detention was intentional. Defendants intended to cause the unlawful detention and deprive Cruse of his liberty by submitting and executing false affidavits to support Cruse's arrest. Moreover, individual officers' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regards to Cruse's rights, health and safety, thus merits an award of punitive damages against said Defendants

41. At the time of the arrest, Defendants did not have probable cause to arrest Cruse for any crime.

**Claim 5: EXCESSIVE FORCE [Against WAGENMANN, GOMEZ, MIAMI GARDENS]**

42. This action is brought pursuant to laws of the State of Florida and alleges that said Defendants applied excessive force upon Cruse's person. Cruse was battered by Defendants when they repeatedly kicked and punched him when Cruse was not resisting. The force applied was not reasonable under circumstances.

43. Cruse was subject of a harmful and offensive contact by said Defendants. Cruse suffered repeated blows, trauma, and laceration to the body, thereby, injured by Defendant.

44. Defendants intended to cause the harmful and offensive contact upon Cruse's person by repeatedly punching and kicking him when it was clear that Cruse was subdued and not resisting. Moreover,

---

[2] Cruse brings the state claims against City of Miami Gardens in the alternative because a jury could find the police officers did not act in bad faith, malicious purpose, or wanton and willful disregards for Cruse's right.

individual officers' actions were done with bad faith, malicious purpose, or with willful, wanton, and deliberate indifference in regards to Cruse's rights, health and safety, thus merits an award of punitive damages against said Defendants.

45. Defendants' conduct caused a harmful and excessive application of force on Cruse's person. If it was not for the repeated punching and kicking, Cruise would not have suffered from a harmful and excessive application of force.

46. Cruse did not consent to the harmful and excessive application force by said Defendants.

### PRAYER

Wherefore Plaintiff, SAIVON CRUSE, for each and every cause of action above demands the following relief, jointly and severally, against all Defendants;

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential Damages;
c. Exemplary damages, against each and every Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said defendants;
d. Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988;
e. Prejudgment Interests where permitted by law,
f. Punitive Damages against the individual Defendants.
g. Costs of suit and interest accrued incurred herein; and
h. Other forms equitable and/or legal relief the Court deems just or proper.

### CERTIFICATION

I certify that a copy hereof will be served on Defendants via U.S. MARSHAL.

    s/Faudlin Pierre
    Faudlin Pierre
    Attorney for Plaintiff
    18900 NE 1st Court
    Miami, FL 33179
    (305) 336-9193
    FLA. BAR #56770